**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
MARK D. HUFF,                       :
                                    :
          Plaintiff,                :   Civ. No. 20-9761 (RMB)(AMD)
                                    :
     v.                             :
                                    :
ATLANTIC COUNTY JUSTICE             :   OPINION
FACILITY,                           :
                                    :
          Defendant.                :
_____ :

BUMB, District Judge

   I.   INTRODUCTION

   Plaintiff, Mark D. Huff ("Plaintiff" or "Huff"), is currently detained at the Atlantic County Justice Facility ("ACJF") in Atlantic City, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., Dkt. No. 1.) On January, 29, 2021, this Court administratively terminated this matter as Plaintiff's application to proceed *in forma pauperis* ("IFP") was incomplete. (*See* Op. & Order, Dkt. Nos. 2 & 3.) Thereafter, Plaintiff submitted another application to proceed IFP. (*See* Appl. IFP, Dkt. No. 4.) Accordingly, the Clerk shall reopen this case.

   At this time, this Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail

to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

II. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1));

*Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

III. FACTUAL ALLEGATIONS

The allegations of Plaintiff's complaint are construed as true for purposes of this screening opinion. Plaintiff names one defendant in this action, the ACJF. Plaintiff states he got food

4

poisoning while detained at ACJF. (*See* Compl., Dkt. No. 1 at 4.) Plaintiff vomited and suffered from stomach pain and cramps. (*See id.*) A nurse told plaintiff to drink a lot of water. (*See id.*) Three days after this incident, Plaintiff went to the infirmary and was placed on a liquid diet for an additional week. (*See id.*) Plaintiff seeks monetary damages as relief.

IV.  DISCUSSION

Plaintiff's complaint suffers from at least two defects. First, as noted above, the only defendant named in this case is the ACJF. However, a prison or jail is not a "person" subject to suit under § 1983. *See Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Furthermore, with respect to the underlying food poisoning allegations, as this Court noted in its prior opinion:

> food is a "basic human need" that prisons and jails are required to provide to inmates. *Helling v. McKinney,* 509 U.S. 25, 32 (1993) (citing *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-200 (1989)). Prisons and jails cannot serve food that is nutritionally inadequate, nor can they serve food under conditions that present an "immediate danger" to inmate's health and well-being. *See Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (additional citation omitted)). However, isolated instances of spoiled or contaminated food do not amount to a constitutional violation. *Merline*, 923 F.

5

> Supp. 2d at 721 ("[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional"). Plaintiff only describes one instance of spoiled or contaminated food in the Complaint and does not allege that he was frequently served spoiled or contaminated food. Accordingly, Plaintiff has not alleged sufficient facts for the Court to conclude that his constitutional rights were violated.

*Huff v. Atl. Cty. Just. Facility*, No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021). Accordingly, Plaintiff's complaint fails to state a claim.

V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall have thirty (30) days in which to file a proposed amended complaint that corrects the deficiencies of his original complaint set forth herein should he elect to do so. Such a proposed amended complaint will also be subject to screening by this Court. An appropriate order will be entered.

DATED: April 12, 2021                    s/ Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge